Cases 4, 18, 0, 2, 5, 6. In re of the marriage of Annaba and Al-Adab. For the appellant, Mr. Passwater. For the appellee, Ms. Sherry. Morning counsel, Mr. Passwater. Thank you. May it please the court, counsel. My name is Randy Passwater and I'm the attorney for Rasha Al-Adab. Let me give a quick little road map to where I'm going to go in my argument today. This issue, legally, is sort of a simple appeal. It's not presented as a very complicated issue for very good reason. The issue is whether the division of property by the court, in this case, followed the law. And whether it's a contractual manifest way to the evidence. As set forth in the brief, it's my client's contention that that's not the case. The court did not follow that. Now, in terms of the facts of the case, the facts of the case are important and they are a little bit more muddy. Much more muddy and interesting than the legal issue. Let me touch on a few of the key facts that tick up this case. Very simply, this case proceeded to trial after temporary relief. It was initially filed in January 2014. It proceeded to trial in August of 2015. Meaning, at that time, the case was already beyond the 16 months that sets out in Illinois Supreme Court Rule 922. And the reason I point that out is because the parties were under a tremendous amount of pressure to get this case done and resolved. And when they went to court, when they went to trial, it didn't conclude in that first day. It was continued over on to October 9th. And at that time, all of a sudden, Ms. Avedov's counsel shows up the day of trial and essentially throws this client under the bus. Says, we're not ready to proceed. I'm ready, but not my client. And there's a long recitation of the facts. I cited it extensively in the Statement of Facts to try to give the court an idea of the breakdown that was occurring. But in that, Mr. Lindner, Rasha's trial attorney at that time, set out that the discovery was done and it was his client's fault. My client, Rasha Avedov. He took no responsibility for the situation. And the result of that is that it continues to trial eventually after a substitution of counsel in March of 2016. And at that point, we're two years into the case. And lo and behold, on March 3rd, when this proceeds to trial, yet again, the same pattern occurs. Where the day before trial, Rasha's new counsel, Ms. Worth, shows up and says, I have these conflicts with my client. And Mr. Lindner then is allowed to substitute back in. At that time, then, Dr. Inaba, his counsel, proceeds through his case in chief. And Mr. Lindner, having entered his appearance that day, asks what in the transcript appears to be about 10 pages. It's a very limited questioning and proceeds to rest. And all of this is going on with the trial court, with it watching this unfold. And the record is very scant. The record that's in front of you is a mess. The proceedings are a mess. The testimony that's presented is a mess. And the trial court recognizes that by then saying, okay, but both attorneys, what you're going to do to fix the fact that there's not a lot of evidence that's been presented that I need to follow the statute, you're going to put some stipulations. You're going to come forward and present some statement of what the values are of things. And that never happens. That never happens. And the case eventually, a judgment is entered in December of 2016, almost three years after filing. Now, a year beyond the requirements for a custody decision. And the judge simply issues a ruling. And in that ruling, he doesn't make any findings as to what his division of property is. And what I mean by that, I think that can be a little bit misleading. He makes statements of certain values, and then he ignores others that are very important to understand. He doesn't make any findings as to what the debts are that are being assigned in the case. In this particular case, he's issued judgments for tens of thousands of dollars of attorney's fees against the petitioner, And then in his judgment at the end of the day, all he does is throw up his hands and say, well, we're going to 50-50 it. That's what happens. It's not clear from his judgment that that's what he's doing, because he doesn't put a chart, a distribution spreadsheet, if you will. That is not something that's common or ordinary. I think you see a distribution spreadsheet in most every divorce case. On this issue, it's not that you're suggesting that there were assets that weren't assigned by the trial court or debt that was assigned by the trial court. Simply that he did not attach a value to each of the assets or identify the amount of the debt that was being assigned to the parties. Is that right? I think that's a fair way to say that, but I would qualify to say there are assets that are just simply not valued, of which there was testimony on. And the court, by delaying the ruling, by waiting from March all the way through December, I don't know if the court was fully cognizant of what the ruling even was at that stage. And here, I'm sorry I didn't put this in my question to begin with. For each of the assets and the debt that were assigned, notwithstanding the trial court may not in its ruling have identified a value, there was evidence supporting a value for those debts or those assets and amounts attached to the debt. There was evidence presented on those issues. There were financial affidavits of both parties that had assets and the debts identified. And I went through in the brief, I think, and identified $80,000 of debt, specific debt that there was evidence on. And I cited to the record exactly where it was. And that was just on Rasha's side. And in the appellee's brief, Dr. Inaba's counsel cited an $80,000 or $77,000 debt associated with Springfield Clinic stock. Also, not mentioned at all in this judgment. And all of which was brought up in the post-judgment motions that eventually get heard, and from which this appeal is eventually taken, of saying, you haven't assigned any of this stuff. You don't have any valuation. When you're talking about debt, and if you're leaving that off, I mean, on my client's side, on her appeal, she's taking the position it's an unequal distribution. And do we know that? That's her position. If we're allowed to reopen the evidence, certainly I expect to be able to show that. I expect to show that when you consider the actual debt that was presented, and when you consider the tax consequences, which you're required to consider for division of property under, I believe it's D-12. If you consider the fact that there are tax returns being filed by Dr. Inaba, where he is assigning all of the maintenance and spousal support to Rasha Alaba, there's huge tax consequences that are being divided when the court just throws up its hands and says, well, 50-50, you take the debt assigned to you. And that's not what the law is. That's not what 5-5-0-3-D requires of our trial court. Our trial court is required to divide property without regard to misconduct. And here, I think there is misconduct. I think that something is going on with regard to these attorneys showing up on the day of trial. And I don't know what more to say about that. It's very frustrating as an attorney to watch what's going on in this case with Ms. Alaba's attorneys showing up on the day of trial and doing this. But for the judge to simply say, well, I'm just going to 50-50 it, that's not following the statute. That's not following the law. That's not making the statutory findings that the court and the law says you shall make. That's not the judge going in and carefully considering the evidence that's actually presented and making a division that is fair and equitable applying the statutory factors. You assert that the trial court didn't take into consideration tax consequences relative to certain debt. What was the testimony or evidence presented in regards to those tax consequences? And so therein lies a strong weakness of my client. And I fully acknowledge that weakness in that this record is awful. Ms. Alaba's attorney didn't present very much of anything. But she did put it on her affidavit. You do have a statute that says the court shall consider the tax consequences. Exhibit, I believe it's seven or eight were the prior tax returns. The court can take judicial notice that tax returns have to be filed if these parties have income. There's no evidence to suggest that there wouldn't be income. So for there to just simply ignore that and not require the parties to present any evidence or just to bypass that and say, well, we're going to 50-50 it, that to me is where the error occurs on the trial court. The trial court had an obligation at some level to say, look, you are not going to just not present evidence on a statutory factor that I have to consider. And I've had that happen in many cases where, you know, if the judge is looking at this and says, well, I've got to know what the tax consequences are. What is the evidence on that? The judge just passively sits back and watches this train wreck that's unfolding in front of him and at the end of the day sits on the case without any ruling for nine months, March to December and 50-50s it. And in that intervening time, from the time that this case proceeded, the three years, you have no evidence as to the tax returns that are being filed, even though there's discovery that's outstanding. There's discovery on the tax returns. There's motions to compel that have been filed. The trial court, in just leaving the judgment sort of open, violated Section 5.4.13, which requires a judgment within 60 days. I think the Supreme Court Rule 901 or 902 for custody judgments, those are supposed to be concluded within 60 days of evidence being done. None of that happens. Marital property, by definition, is all property acquired prior to the judgment. So there's marital property and debts continuing to accrue, continuing to be there, and there's no evidence on that. And so the trial judge has a role in this, has a strong role in what's going on in this case, and simply just did not require the parties to fulfill their obligation to the court to submit evidence. And so yes, to a certain extent, that is on the petitioner, but I don't think it is fair or reasonable or consistent with the plain language of the statute to say that they simply waived it. You see that there's a strong waiver argument that's being presented by the appellee. And how do you waive statutory factors that are required? If they haven't presented the evidence, demand that it be presented to you. Sanction the parties. There are clear sanctions if you don't comply with the discovery. There are motions on file. If you have attorneys that are in front of you presenting that they're ready to go and they entered their appearance the day of trial and they To be clear though, wasn't Mr. Linder the previous attorney? He was the previous attorney, but But he had been in the case for quite a bit of time. He had been in the case through, he did not do the temporary relief petition, so he had been in the case for one hearing, the August hearing. And he was familiar with much of the case from before. And I'm not saying that the trial court erred in allowing him to substitute in, but then I'm not sure why there was this long discussion about reasons why. If you're going to let him in, here you have all these statements about payments to attorneys of $24,000 by my clients at Betsy Worth, the other attorney, and her demanding $20,000 to go to trial on this particular day, and that Mr. Linder would get in for $15,000. It blows my mind what was happening right here and right in front of the judge on the record. I don't understand it. And then on top of it, I don't understand then when there are attorneys fees listed in the debt, when you have issued judgments on those, when you simply say, well, we're going to 50-50 the judgment, we're not going to consider that in our allocation and division of property. And that clearly was not considered because there are no values as required by the statute. And this issue is a de novo issue. I think that the Public Act 9990 that was effective in January 2016, so we'd control in this particular case, it added the language that we find in 503A that the court shall make findings and valuation in all the findings for the division of property. And I raised that issue to the judge in the post-trial motion once I got in the case after I inherited this case. And the judge still didn't make any findings. He said, well, I considered all the statutory findings. Well, no, you didn't because it's nowhere in your judgment. It's nowhere in your order on the post-trial motion. And I get it. It's not fun to go in and try to reopen and try to dig through the file to identify these things. But ultimately, that's what the legislature says that the trial court is supposed to do in a dissolution of marriage case. Well, the trial court here didn't fail to attach values to everything. It did assign values to most of the assets. You've identified certain items that you find that the trial court failed to assign values to. But are you saying that the absence of findings as to values as to several assets whereas the bulk have been identified makes it avoid judgment, that we've got to send it back to the trial court? I'm not saying in every case that that would be the case. I think that the court could have made the findings and said there was no evidence presented on this. But then the facts are there was evidence presented on that. Well, just take, for example, the vehicles. He did not assign values to the vehicles, right? Correct. But there was evidence as to the value. Both parties presented evidence as to the values. Isn't that good enough? Well, no, it's not. Because at the end of the day, under the section that you're supposed to consider for property, what the assets are being allocated, you're supposed to be able to look at the total picture of what's being done. And when you don't include the values for vehicles, and there's a disparity of $10,000 or whatever the number was here, and you don't include the debt and you don't include a participation, you award $3,000 when there's evidence of $160,000, $120,000 when there's debts on both sides of $80,000-plus that are just ignored, you're just getting an arbitrary division. There's no way for this appellate court or us to come in and say, well, here was the number. Because they've ignored all this stuff. And if you're going to do what the court suggests and say, okay, well, there's value here, but I just don't find it persuasive, then say that. And that's what I'm saying. Send it back to the trial court and make him identify on the record what it is. Because that creates transparency. That allows the appellate court and other people looking at this to figure out what is the division. Because it took me forever to try to figure out and put together the chart that's contained in the Statement of Facts as to what I think the trial court divided to get to the position of this is maybe a 50-50 judgment on the record, just leaving things out, which is still improper. I mean, even if it's 50-50, I think it's an abuse of discretion in this particular case and these facts to have awarded a 50-50 award. If you look at Ms. Alidov's earnings, even with the maintenance and child support that they paid, it would be $150,000 to her, but he still has $411,000 of gross. You take his $150,000 off $411,000, he's still well above $200,000. He has about a $100,000 difference of income to him, which should factor in under all the factors for division of property. It should factor in when you're talking about the ability to have service debt. It should factor in when you talk about the ability to acquire items for retirement purposes. All the factors that the court should make, you simply can't when you don't have any findings on some of these issues. Further, it goes to the second issue of error in terms of the issue of maintenance, in that if you don't figure out what you're dividing, if I'm dividing everything in half, I'm dividing up 60-40, then how do you, in a maintenance award, then have the same findings as to what the income is of the parties, what the position is of this individual? By making this error on the division of property, by not valuing numerous assets, and bank accounts aren't done, even though there's bank accounts in there, again, the taxes, again, the attorney's fees, again, all of these things are left out of the distribution spreadsheet. You get to maintenance, and what are we doing? In particular, you have to look, or you should look, as a judge, at the assets that are being awarded and the kinds of debts that are being awarded. This particular division gave my client a house in Panther Creek that was the largest asset, but it's encumbered with a mortgage that is several hundred thousand dollars. Of her maintenance award, the vast majority of it goes to pay and service a mortgage and to pay the real estate taxes associated with that. All of those things are why I've asked the court to review this issue. In conclusion, I'd ask the court to send this back and have the trial court make those findings and reopen the evidence if there are issues for which valuations are statutorily required, such as debts, such as the taxes. Those issues should be readdressed. At that time, that's what we're asking. That's what we'd like the court to do. Thank you. Thank you, Mr. Passwater. You'll have an opportunity on rebuttal. Ms. Cherry. Thank you. It's sort of ironic that Mr. Passwater starts off talking about the prolonged history that it took to get this case to trial and then a judgment. And now what he's suggesting is that this court should remand this case, and we're now three years after the evidence closed in this case. And he's suggesting, because the court did not make specific findings as to values like the automobiles and the bank accounts, that this whole thing should get sent back and we should do this all again. And what he really wants to do is just reopen it all. And before I go much further, I'd like to address, he did not address, my motion to strike. I have a motion to strike both portions of his brief and his requirements, because in his brief, he uses in his argument matters that are technically in the record that came to this court, but were not part of the record in front of the trial court at trial, and were not admitted into evidence at trial. And, in fact, he had, Ms. Oladob had in her motion for reconsideration, included a request to reopen the evidence, which was denied. And, still, even though it was denied, they tried to use that evidence in the arguments before this court. And I believe that that's improper in my motion. I cite the relevant cases. And, to be clear, appellant is not appealing the denial of the motion. There is no, correct, Judge. There was no issue of that. Also, then, in the motion, in the reply brief, not only does he double down, or is it doubled down in that evidence, those documents discussed again, there are also arguments made in the reply brief which were not issues raised in the brief. In particular, I mentioned there are two items where he makes an argument, which was they make an argument which was not made in the original brief, and cites to alleged evidence in the record, which, number one, prejudices us because we didn't have an opportunity to respond to such an argument because it wasn't made. And, further, it actually isn't what he cites to in his brief is not really evidence. It is a chart that was included in the post, in the memorandum, post-trial memorandum, that was authored by Ms. Oladob's attorney. It's not evidence. And, in fact, if one looks at the evidence, it is contrary to what is being asserted in that chart and echoed in the reply brief. I can go into that further. My motion breaks down a number of items which I submit were not argued in the original brief, and it is improper for them to then be argued in the reply brief under Supreme Court rule. But I can also move on if there are no questions on that. As I said, I detail it, and I also cite authority in there. With regard to counsel's discussion of the chronology, and actually I'll back up a second. He seems to be making an argument today, which he doesn't make in his brief, that somehow the trial judge was ineffective in a way in pursuing his responsibilities. And had he made such an argument in his brief, there are cases that, yes, there are cases sometimes where a trial judge says do this and do that. There are other cases that say that's not the trial judge's responsibility. And in this particular case, I disagree with counsel's characterization of some of the underlying circumstances and what was going on when there were these changes of counsel by Nizalegov, which resulted in delaying this case from being completed in October of 2015 to being completed in March of 2016. But I don't know that that's really relevant to the issues in this case, because the issues in this case are what was the evidence before the court? What was the court's ruling? Did the court's rulings represent an abuse of discretion, or were there rulings that were against the manifest way of the evidence? And there's great detail in my brief responding to his arguments. I submit that the rulings of the trial court, ultimately the division that was made in this case is just under the appropriate and relevant considerations. And he did not abuse his discretion in his rulings, nor did he make findings that were against the manifest way to the evidence. With regard to the argument that under 403A, now there needs to be some specific statement by the trial judge of the findings that he's making in the course of his decision, I submit that that section does not require the trial judge to make a finding as to every single possible factor and every single possible issue. And I also would submit that the rule does not require the trial judge to make findings where there isn't evidence of a value, to require the trial judge to make a finding as to the value, and also that it requires the judge to make an issue which hasn't been made an issue by the parties. With regard to the debts of Ms. Olagab, I disagree that there's evidence at trial in this trial record that establishes exactly what her debt was. There is a financial affidavit that she filed in October of 2015. When she's cross-examined about that at trial in March, she starts saying that there are errors in that affidavit. She never testifies about how the debts that she lists in that affidavit, what of those debts are still existing, what have been superseded by the time we finish the trial. In the reply brief, I point this out in my initial brief, that there really isn't any statement on her part of what is the debt that she's claiming was evidence. In the reply brief, the response is, well, just put it all together, just add them both together. But that wasn't the evidence. There was no evidence that the debts in the affidavit were still her debts at the time of March, or that those debts should be then added to what she was then saying were some debts that she had in March. That's point number one. Point number two with regard to the debt is, much of that debt was money that she claimed in her affidavit, and in March, she had, quote, borrowed from her family members. But she had no particulars evidenced of from whom, when, how much, other than all of this debt occurred after the separation of the parties, after the divorce action began. There was no evidence that there is any requirement that she pay these monies back. These are monies that are borrowed, according to her, from family members. And there's case law that I cite that that is subject to a certain amount of suspicion, when there is that sort of a claim. So I would disagree that there is a well-established debt that the court should have allocated. I also submit that because this debt, and also debt of Dr. Inaba, was incurred after the separation, and I cite case law for this proposition, it's within the court's discretion to say you each take the debt you have incurred since the separation. This was not debt that was incurred. Her debt was not debt that was incurred to acquire a marital asset, and she really gave no evidence as to why she had that debt, what her expenditures were. She was getting temporary maintenance and child support during this time. There's just not evidence that makes it an abuse of discretion on the part of the trial judge to say each party take their post-January of 2014 debt. With regard to getting back to the issue of the findings under 403A, while the trial judge did not, when he was discussing the property division, go through and say, I find that she's been a homemaker, I find that he has been producing income, I find these sorts of things, the judge does make those findings. He states them in connection with his ruling on maintenance, and to suggest that somehow this should go back for the judge to then take those same findings and put them in a different portion of the judgment I think is absurd. He made the findings. I don't believe there is actually any dispute on the part of Ms. Alida that those findings that he made in that regard were incorrect. Her disputes have to do with, as we said, as Justice Harris was pointing out, the values of the automobiles and bank accounts. But if you look at what she submitted, the values of those items were, if there was any error in failing to consider those values, that was to her benefit because she was getting the car that was about $5,000 more value, she was getting a bank account that had more value to it. And I disagree that the division of the marital estate was 50-50. I would submit that she received more than 50% of the marital estate. She received the piece of real estate that had greater equity, and she received half the value of Dr. Inaba's shares in Springfield Clinic. She received half the value of his retirement accounts. She received her IRA, which was worth more than his IRA. And also there was the debt of $77,000 that was incurred by Dr. Inaba to purchase his shares in the clinic, which the judge assigned to him entirely. So if you put all of those together, she received significantly more than 50% of the marital estate. I would disagree that even if it was 50% of the marital estate, that that would be an abuse of discretion. This is a case where all of the property was the result of his employment. They're sharing it equally. She's getting credit consideration for the fact that she's been a homemaker. She's also getting an award of maintenance. And I would, again, given that an abuse of discretion would be suggesting or having to find that the judge acted arbitrarily, failed to employ conscientious judgment, and ignored recognized principles, I believe if you look at the court's judgment, you will see that that is not the case in this case. There was a statement by Mr. Passwater that there were assets that were not valued. And I don't know, he did not say what assets. He was saying were not valued. I don't, I'm not aware of assets that were not valued, other than there was the car and the bank account, which each party placed their opinion as to the value. And again, as I said, if you use Ms. Olodot's statement of the values, she fared better than Dr. Inova did with regard to that, the distribution of those assets. With regard to the tax consequences, the only tax consequence that I believe is discussed in the brief of the appellant is failure to consider capital gain in connection with a piece of property that was a rental property. And there was, I think as was pointed out by a question of, I think Justice Harris, there was no evidence at trial of any tax consequences as a result of that capital gain. There's no argument as to what capital gain consequence there would be at this point in time. I don't know how we could really determine what the capital gain consequence would be at this point in time. But further, I would submit that the tax consequence in terms of the capital gain is not what the section of 403, which refers to consideration of the tax consequences resulting from the division of the marital estate, that's not what this is. The case law, and I cite a case for the proposition, is that that deals with imminent consequences of the property division. And what capital gain benefit there may be or may not be when this property is ultimately sold, we don't know and is not imminent. And so I don't believe that that is something that is a consideration under section 403. With regard to the issue of the attorney's fees, just briefly because this again is dealt with at certain length in our brief, there was, let me back up a second, with regard to debts in their entirety, I said earlier I don't believe that it is incumbent upon the court to address all issues that could be raised by the parties which aren't being raised by the parties. With regard to the debts, there was no request by either side that the court allocate the post-January of 2014 debts in any way. Ms. Oladob didn't ask for it, and in fact Dr. Onaba's attorney proposed that each party be assigned those debts. I don't believe it was incumbent upon the trial court to do that. Again, for reasons I've already given, I think it's within the court's discretion to assign all those debts to the party who incurred them. And with regard to the attorney's fees, there was never a petition for contribution of attorney's fees filed. And I would submit for, nor was there ever a breakdown, a hearing on some of the fees that, debts that she claimed she had with regard to Mr. Linder and Ms. Worth by the time the trial finally concluded. There wasn't evidence of what she had paid on those debts at that point in time. There was nothing that is essentially necessary for determination of a request for contribution of fees. And I would submit by not asking for a contribution of fees, that's not an issue at this point. I would submit that under Section 403, attorney's fees are not treated as marital debts. They are treated in a different way, and the way to treat them, the way to have them handled is to make a petition for contribution. And if it's not, that isn't sought, then you have taken on the responsibility of your own attorney's fees. So she had the responsibility for hers, and Dr. Inaba had the responsibility for hers. Mr. Passwater didn't really address any of the other issues in his brief, and I'm certainly willing to answer questions about them. But I also don't want to make you sit there listening to me prattle if you don't have questions, because I think we've detailed it all in our brief and in the responses. I would like to point out, though, just one thing, which I do put in my conclusion, which is if there is any sort of a ruling that the maintenance amount was incorrect, this would not only be redetermining maintenance, but also redetermining child support. And obviously, if the property division is changed, everything gets changed also, because what the property division is is a factor in arriving at the amount of maintenance and then the amount of child support. So again, we're talking about a request on the part of Ms. Olodot, three years after evidence closed in this case, to go back and litigate the whole thing over again. And we are asking this Court to deny that request and affirm the child support schedule. Thank you. Thank you, Mr. Chair. Mr. Passwater. Just briefly to reply, I want to go through a couple of things that were mentioned by counsel. First of all, with regard to the assets not being valued, the dissipation chart that was alluded to was part of the notice. There was testimony on that dissipation chart. At length, Dr. Inaba went through what these payments were for, and that's explained and gone into in great detail in both the statement of facts and then in the argument in the brief that's been filed. And Anas Alakam is an identified person in the notice. He's identified in the exhibit. And he had, as shown by the evidence, $11,000 in transfers to this individual, which are not valued at all in this judgment. With regard to both of Dr. Inaba's brothers, both of those individuals are noticed up in the notice of dissipation. Both of them are in the exhibit. There's testimony at trial on those transfers. And the law is that on dissipation, once that notice is done, that it's incumbent upon Dr. Inaba to explain those transfers in a way that makes sense. And the evidence is that those transfers changed dramatically after the breakdown of the marriage. I mean, it's $160,000-some-odd dollars is the notice. I broke down in the reply brief the timing of that, depending on when you find the dissipation. But there's $100,000 in an asset there that's after the dissolution that's being transferred to where the transfers are not the same and not consistent with what the trial court found. In terms of the capital gains, again, the argument at trial was that the house, which was a rental house in Bolingbrook, was in an entity called Cozy Homes, LLC, should be sold. That would have realized the capital gains. The parties would have gotten that. So that was part of the issue that was presented to the court that the court did not consider. That is a tax consequence that there was direct testimony on. It's explained in the brief. Specifically, the judge asked, is there a capital gain associated with this or a capital loss? And it was explained by Dr. Inaba that it was a capital loss. It would be a $60,000 capital loss on the evidence. Again, not valued at all when we throw up our hands and say, well, I'm just going to 50-50 it because we're nine months after when the evidence closed and we've got this egregious train wreck of a record. I'm not faulting the trial court for being in a difficult situation. But what I am faulting the trial court with is not applying the law to the facts, not requiring those to be presented in a way that comports with what the statute now requires, and to simply not value things. The fact that illustrates this appeal as much as anything else is that the appellee can get up here and say, well, the distribution actually was in her favor. And I'm saying, no, it's not in her favor. We don't know what that distribution was because the trial court didn't make any of the findings that are required. You look at that, and yes, he made certain findings on certain assets, but he ignored other evidence that was presented, evidence of the value of the debts, evidence of the capital gains, evidence of the transfers to family members that were not explained, that were dissipation and shown on the record. In conclusion, I ask for the court to simply reverse this with directions to the trial court to make the findings that are required. Before you run out of time, do you acknowledge that this appeal does not include the issue of denying the relief you requested for reopening the evidence? I think it's all part of it. I tried to make a choice of keeping this as simple as possible. Whether that evidence is in there or not doesn't change the underlying appeal, the issue of the court did not consider the income of Dr. Inaba, the tax consequences. Whether you include the 2015 tax return, which shows the actual evidence, which I had asked the court to reopen and it chose not to or not, doesn't change the underlying fact that that evidence was not considered, that the court made no findings as to the income of this individual. There's no finding that's consistent with the evidence that actually was presented as to what Dr. Inaba's income was. You can read it and you can go through this entire judgment and you will not find it. You'll find something about a stipulation as to the amount of child support. The only thing that I could find that even possibly relates to that is a FIN plan calculation that was done by one of the attorneys that has no basis in what the actual evidence was of what the income was, what the maintenance was that was actually paid versus what the FIN plan was calculated on. The trial court just didn't make the findings as to Dr. Inaba's income that it's required to do. I think this court has no reason why it would not reverse. I have no reason why you wouldn't follow the law as it relates to requiring this judge to actually make these findings under 5503D that are required. With that, I thank you for your time. Thank you, Mr. Passwater. This matter has been taken under advisement. Remember to follow.